UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 18-8469-MWF (Ex) | Date:  May 6, 2019 |
| Title: | I and U, Inc., et al. v. Wolters Kluwer Health, Inc. | |

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE: MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [29]

Before the Court is Wolters Kluwer Health, Inc.'s ("Defendant" or "Wolters") Motion to Dismiss Plaintiffs' First Amended Complaint (the "Motion"), filed on March 11, 2019.  (Docket No. 29).  Plaintiffs I and U, Inc. ("I&U"), Kiuchi Shoten Co., Ltd. ("Kiuchi Shoten"), and Hideo Kiuchi filed an Opposition on March 18, 2019.  (Docket No. 30).  Wolters filed a Reply on March 25, 2019.  (Docket No. 31).

The Court reviewed and considered the papers submitted on the Motion and held a hearing on April 15, 2019.

For the reasons set forth below, the Motion is **GRANTED** *without leave to amend*.  Plaintiffs' claims are time barred under the relevant statutes of limitations.  Plaintiffs were previously warned that they would have only one more opportunity to plead around the limitations periods.

## I.    BACKGROUND

As it must, the Court assumes the truth of all facts alleged by Plaintiff in the First Amended Complaint ("FAC").  (*See* Docket No. 28).  The Court's order granting Defendant's Motion to Dismiss Plaintiffs' Complaint, contained a detailed explanation of the relevant facts.  (*See generally* "January 29 Order" (Docket No. 27)).  The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 18-8469-MWF (Ex)**          **Date:  May 6, 2019**
**Title:**     I and U, Inc., et al. v. Wolters Kluwer Health, Inc.

following section is substantially similar but has been updated to reflect relevant additional allegations and citations to the FAC as the operative complaint.

Since 1978, Wolters has been distributing and marketing scientific and medical journals.  (FAC ¶ 23).  Plaintiffs are small businesses and business owners selling subscriptions of technical and medical publications to scientists, hospitals, doctors, and other related professionals.  (*Id.* ¶ 15).  Plaintiffs rely on large publishers to sell them their publications for distribution.  (*Id.*).  Since 1987, Plaintiffs have been distributing and marketing medical and scientific periodicals, and have been exporting medical books and journals to Japan.  (*Id.* ¶ 24).

Wolters has prevented and continues to prevent Plaintiffs from offering its customers a cheaper alternative source for medical journals compared to those sold through Wolters' exclusive agents.  (*Id.* ¶ 16).  To this end, in late 2017, Wolters arranged exclusive sales arrangements with authorized agents, which either preclude or discourage, by means of financial incentives, these entities from placing Plaintiffs on their purchase lists.  (*Id.* ¶¶ 20, 25).  Under these exclusive agreements, each customer agrees to restrict its direct subscriptions, which accounts for a significant portion of the total product category.  (*Id.* ¶ 30).  Furthermore, in 2018, Wolters transmitted a letter informing its readers that Plaintiffs are selling their publications illegally.  (*Id.* ¶ 36).  As a result, Plaintiffs' prospective customers have raised objections to doing business with Plaintiffs.  (*Id.* ¶ 38).  Furthermore, Plaintiffs' customers have stopped doing business altogether with Plaintiffs after they received a copy of the letter.  (*Id.* ¶ 39).  Wolters' conduct has caused Plaintiffs three to four million dollars in damages and deprived customers of a lower cost alternative to Wolters' publications.  (*Id.* ¶ 21).

Based on the allegations above, the Complaint asserts eleven claims for relief: (1) monopolization in violation of the Sherman Antitrust Act, 15 U.S.C. § 2; (2) attempted monopolization in violation of the Sherman Antitrust Act, 15 U.S.C. § 2; (3) violation of the Sherman Antitrust Act, 15 U.S.C. § 1; (4) violation of the Clayton Act, 15 U.S.C. § 14; (5) declaratory relief; (6) breach of contract; (7) defamation; (8) trade libel; (9) false light; (10) violation of California's Unfair Competition Law ("UCL"),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 18-8469-MWF (Ex)                **Date:**  **May 6, 2019**
**Title:**     I and U, Inc., et al. v. Wolters Kluwer Health, Inc.

Cal. Bus. & Prof. Code § 17200; and (11) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500.  (*Id.* ¶¶ 41-92).

## II.  LEGAL STANDARD

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The Court must disregard allegations that are legal conclusions, even when disguised as facts.  *See id*. at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co*., 751 F.3d 990, 996 (9th Cir. 2014).  "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'"  *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief.  *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).  Where the facts as pleaded in the complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-8469-MWF (Ex)                    Date:  May 6, 2019
Title:      I and U, Inc., et al. v. Wolters Kluwer Health, Inc.

allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation.  Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Props.*, 751 F.3d at 996-97; *see also Somers*, 729 F.3d at 960.

### III.  DISCUSSION

Wolters argues that Plaintiffs' claims are barred by the relevant statutes of limitations.  (Mot. at 5-6).

The parties do not appear to dispute that a four-year statute of limitations period applies to Plaintiffs' antitrust claims and that one to four-year statutes of limitations apply to Plaintiffs' state law claims.  *See* 15 U.S.C. § 15b (statute of limitations for federal antitrust claims is four years); Cal. Code Civ. Proc. § 337 (statute of limitations for breach of contract is four years); Cal. Code Civ. Proc. § 340(c) (statute of limitations for defamation and false light is one year); Cal. Code Civ. Proc. § 339 (statute of limitations for trade libel is two years); Cal. Code Civ. Proc. § 338(a) (statute of limitations for unfair trade practices under § 17500 is three years); Cal. Bus. & Prof. Code § 17208 (statute of limitations for unfair business practices under § 17200 is four years).

Wolters argues, and Plaintiffs do not dispute, that Plaintiffs have been aware of a dispute as to whether they were authorized to resell Wolters' publications in Japan since at least 2007.  (Mot. at 1; Opp. at 1).  In the Court's January 29 Order, the Court judicially noticed the second amended complaint filed in *Elsevier v. Kiuchi Shoten Co., Ltd.*, Case No. CV06-3131 (C.D. Cal. Apr. 9, 2007).  (*See* January 29 Order at 3).  Wolters explained that it, along with other publishers, sued Plaintiffs in 2007 for obtaining publications under false pretenses in the United States and reselling them in Japan without authorization.  (*Id.* at 5).

Plaintiffs argue instead that "[w]hile the prior complaints may have alleged refused sales, the subsequent [Settlement] Agreements [between the parties] have

---

**CIVIL MINUTES—GENERAL**                                                                                  4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-8469-MWF (Ex)                           Date:  May 6, 2019
Title:      I and U, Inc., et al. v. Wolters Kluwer Health, Inc.

acknowledged that WK 'will allow' Plaintiffs to purchase." (*Id.* at 6). Plaintiffs explain that after "[r]eviewing the Settlement Agreements, inclusive of the attachments, it is clear that [Wolters] agreed to sell to Plaintiffs." (*Id.* at 5). Therefore, Plaintiffs argue, the limitations period began to run on May 15, 2018, the date of a communication from Wolters to its customers explaining "that they only can purchase their products through them or their authorized individuals." (FAC ¶ 12).

The Court is perplexed by Plaintiffs' argument, as what is at issue in the FAC is Plaintiffs' right to *resell* the publications as an authorized distributor in Japan, not Plaintiffs' right to purchase publications from Wolters. Plaintiffs explain in their Opposition that "while the prior complaints may have alleged refused sales, the subsequent Agreements [between the parties] have acknowledged that [Wolters] 'will allow' Plaintiffs to purchase." (Opp. at 6). As Wolters highlights, however, Plaintiffs' right to purchase publications from Wolters is not at issue anywhere in the FAC. (*See* Reply at 4). For example, the FAC alleges that "[a]t least as early as mid-2018, Wolters orchestrated a misleading public relations campaign which, ultimately, persuaded customers to further refuse to buy any medical publications from entities and/or individuals, including Plaintiffs." (FAC ¶ 17). At the hearing, Plaintiffs made no suggestion that any right to purchase implied a right to resell.

Furthermore, Plaintiffs make no argument whatsoever that the statutes of limitations should be tolled. *See Vaughn v. Teledyne, Inc.*, 628 F.2d 1214, 1218 (9th Cir. 1980) (burden of proving facts that show tolling falls on the plaintiff). In the Court's January 29 Order, the Court granted Plaintiffs one more opportunity to amend the Complaint to plead a theory to toll the statutes of limitations. Because Plaintiffs fail to plead such facts, Plaintiffs' claims must be dismissed without leave to amend.

## IV.    CONCLUSION

The Motion is **GRANTED** *without leave to amend*. The action is **DISMISSED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 18-8469-MWF (Ex) | **Date:** May 6, 2019 |
| Title:    I and U, Inc., et al. v. Wolters Kluwer Health, Inc. | |

    This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment. Local Rule 58-6.

    IT IS SO ORDERED.